**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

ROBERT D. CARTER                                                            PLAINTIFF

v.                                      3:18cv00059-DPM-JJV

MARTY BOYD, Sheriff,
Craighead County Detention Facility; *et al.*                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.     INTRODUCTION

Robert D. Carter ("Plaintiff") is a pretrial detainee at the Craighead County Detention Facility ("CCDF").  He has filed, *pro se*, a superseding Amended Complaint, alleging Defendants violated his constitutional rights in violation of 42 U.S.C. § 1983.  (Doc. No. 6.)  For the following reasons, I recommend this case be dismissed without prejudice for failing to state a claim upon which relief may be granted.

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact finding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 1950, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 545-46.

## III.    BACKGROUND

On April 5, 2018, Plaintiff filed a *pro se* § 1983 Complaint, alleging Defendants Sheriff Marty Boyd, Jail Administrator Keith Bowers, and Assistant Jail Administrator Todd Harrell violated his constitutional rights by subjecting him to a variety of inhumane conditions of confinement. (Doc. No. 1.) Plaintiff brought his claims against Defendants in their official capacities only. (*Id.*)

On April 9, 2018, I entered an Order explaining to Plaintiff that his Complaint failed to state a plausible claim for relief because it did not specify how: (1) he was harmed by allegedly being exposed to a variety of inhumane conditions of confinement; (2) the alleged constitutional violations were the result of a county policy or practice; and (3) each Defendant acted with deliberate indifference, rather than with mere negligence. (Doc. No. 2.) I provided Plaintiff with a § 1983 complaint form, cautioned him that only the allegations contained in his superseding Amended Complaint would be considered, and reminded him that this original Complaint would have no legal effect. (*Id.*)

## IV.    AMENDED COMPLAINT

On April 26, 2018, Plaintiff filed a superseding Amended Complaint alleging that he became ill after sleeping on a dirty mattress, being exposed to black mold, living in a cold cell, and eating cold meals. (Doc. No. 6.) Plaintiff also raises, for the first time, a new allegation that an unnamed, non-party nurse denied him medical care for an unspecified illness because he did not have enough money to pay for his treatment. (*Id.*) The Amended Complaint, which was submitted on notebook paper rather than on the provided form, is silent as to the capacity in which Defendants are being sued. (*Id.*) Under such circumstances, the Court must construe the Amended Complaint as seeking relief against Defendants in their official capacities only. *Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012); *Baker v. Chisom*, 501 F.3d 920, 923-24 (8th Cir. 2007).

Plaintiff's claims against Defendants in their official capacities are actually claims against the county itself. *See Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn*., 557 F.3d 628, 631-32 (8th Cir. 2009). Craighead County cannot be held vicariously liable, in this § 1983 action, for the actions of its employees. *See Monell v. Dep't of*

*Soc. Servs.,* 436 U.S. 658, 692-93 (1978); *Parrish,* 594 F.3d at 997. Rather, Craighead County can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. *See Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins,* 557 F.3d at 633.

### A.    Inhumane Conditions of Confinement Claim

Although he was advised to do so, Plaintiff has not pled any facts suggesting that the allegedly inhumane conditions he endured at the CCDF were the result of an official Craighead County policy or custom. Thus, he has failed to plead a plausible official capacity claim.

Further, § 1983 claims must be based on deliberate indifference, rather than mere negligence. *Holden v. Hirner,* 663 F.3d at 341. Plaintiff alleges that Sheriff Boyd, Jail Administrator Bowers, and Assistant Jail Administrator Harrell "should" have known that he became ill after sleeping on a dirty mattress, being exposed to black mold, living in a cold cell, and eating cold meals. (Doc. No. 6 at 1, 2.) However, deliberate indifference, which is a higher standard than negligence, is defined as a "reckless disregard of the *known* risk." *Holden,* 663 F.3d at 341 (emphasis added). Plaintiff's vague and conclusory allegations that Defendants "should" have known of the allegedly inhumane conditions he endured at the CCDF and the harm it caused him do not satisfy the subjective, deliberate indifference standard. *See Corwin v. Cty. of Independence, Mo.,* 829 F.3d 695, 699 (8th Cir. 2016) (rejecting, in a § 1983 action, the objective "should have known" negligence standard and requiring subjective, indifference to a known constitutional violation); *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009) (explaining, "[i]t is not enough merely to find that a reasonable person would have known about the risk, or that the officer should have known about the risk"). For these reasons, I conclude Plaintiff has failed to

plead a plausible inhumane condition of confinement claim against Defendants in their official capacities.

### B.    Inadequate Medical Care Claim

Although prisons and jails may charge a fee for medical services, they may not deny prisoners or detainees medical care due to their inability to pay. *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir. 1999). Plaintiff alleges that, on January 8, 2018, an unnamed, non-party nurse refused to give him unspecified medical care because he could not pay for his treatment. (Doc. No. 6 at 2.) However, Plaintiff does not allege that the non-party nurse acted pursuant to an official Craighead County policy or an unofficial "widespread and persistent" custom. *See Luckert,* 684 F.3d at 820 (defining an unofficial custom as "a continuing, widespread, persistent pattern of constitutional misconduct"). Additionally, the Amended Complaint is devoid of any facts suggesting the named Defendants knew of the non-party nurse's actions. *See Holden,* 663 F.3d at 341 (8th Cir. 2011) (emphasis added). Consequently, I conclude Plaintiff has failed to plead a plausible inadequate medical care claim against Defendants in their official capacities.

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    This case be DISMISSED without prejudice for failing to state a claim upon which relief may be granted;

2.    Dismissal of this action be counted as a "strike" for purposes of 28 U.S.C. § 1915(g);[1]

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of May, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE